Erskine Construction & Mining, Inc., Plaintiff-Appellant, v. Youngstown (City), Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 4258. Decided December 4, 1962.

94

■■■

*Mr. Donald F. Billett*, for plaintiff-appellant.
*Mr. Russell G. Mock*, law director, for defendant-appellee.

(Brown, J., of the Fourth District, sitting by designation in the Seventh District.)

Brown, J. This is an appeal from the judgment of the Common Pleas Court of Mahoning County entered for the appellee notwithstanding the verdict previously returned in favor of the appellant by the jury in the amount of $10,397.00.

Appellant and appellee entered into a written contract on the twenty-sixth day of May, 1958, under which the former was to install an interceptor sewer line on Poland Avenue, Youngstown, on a project designated as Section 1, Contract 14. Detailed plans and specifications as to the method of carrying out the same were contained in the contract.

One of these terms was that a two percent guaranteed retainer fee be held by the appellee against any defects of materials, workmanship, or other contract nonperformance for a period of one year from the date of acceptance. The retainer fee actually withhheld amounted to $10,397.00, the amount of the verdict.

Another specification set forth the time for completion of the specified work as that stage when installations included under this contract have been completed and tested, and are

ready for continuous permanent use and occupancy for the purpose intended.

Another specifically provided: "Following the completion of this contract as such completion is defined herein and as soon thereafter as is practicable, the Commissioner of Engineering will inspect the entire work in all parts and details or cause the same to be inspected, and, if said work and all contract performances are found to be satisfactory and in accordance with the provisions and terms of the contract and specifications, the Commissioner of Engineering will certify the work as completed and will accept it on behalf of the City but conditional upon the subsequent remedying of defects which may became manifest within a period of one year following completion and as herein required. The certification of completion and the said acceptance of the work will be a prerequisite to final payment hereunder.

Twelve months after the date of the certificate of acceptance as hereinbefore set forth and as soon thereafter as practicable, the Commissioner of Engineering shall make a review and reinspection of the work and performances of this contract, or cause the same to be made. If the said performances and work shall be found satisfactory and the work not to have deteriorated through defects of workmanship or material, then the Commissioner of Engineering shall certify the releases and payment of the twelve months' guarantee retainer herein elsewhere specified, and such certification shall be a prerequisite to the release of the surety on the contract bond. If, however, the review and reinspection as herein specified or any prior inspection discloses defects due to the non-fulfillment of this contract, or noncompliance with its requirements, the Commissioner of Engineering shall so notify the Contractor in writing; and thereupon the Contractor shall, at his own expense, repair or replace and shall make good all defects of workmanship, material and guarantee, and shall rectify any noncompliance, and such repairs and fulfillment shall be a prerequisite to the release and payment of the twelve months' guarantee retainer and to release of the surety on the contract bond. If, however, the Contractor shall, after due notice, refuse or neglect to make good the defects as notified and to the satisfaction of the Com-

missioner of Engineering, then the City may and is empowered to proceed in the manner prescribed in the event of abandonment or forfeiture of the work by the Contractor and completion by the City and the payment of claims for material and labor and other expense as provided in such procedures shall be a prerequisite to the termination of guarantee, to the release of guarantee retainer and to the release of the surety on the bond.''

Work was performed and materials furnished by appellant and estimates were submitted and paid by appellee. In August and September 1959 inspection tests were made in preparation of the payment of the final estimate under the contract. This final estimate known as estimate 15 was approved on January 29, 1960, by the parties and all items with the exception of what is known as the infiltration or leakage into the sewer line were agreed upon. On February 28, 1960, this estimate was paid appellant.

Further tests were made concerning the infiltration of the completed sewer lines. These lines were disclosed to be defective with the result that the infiltration waste was quite excessive. The completion certificate required under the contract was never issued by the city, and the sewer lines never passed the infiltration test.

Under these circumstances where the appellant failed to complete the contract in a manner acceptable to the City of Youngstown as required by the contract, reasonable minds after studying the evidence and the pleadings can only come to the conclusion that the trial court was correct in granting the judgment notwithstanding the verdict, and that appellant was not entitled to a recovery.

Judgment affirmed.

BROWN, P. J., and DONAHUE, J., concur.